IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**EDNECDIA SUTINA JOHNSON,**

      **Petitioner,**

**v.**                            **Case No. 1:19-cv-00518**

**WARDEN REHERMAN,**
**Alderson FPC,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMENDATIONS

On July 15, 2019, Ednecdia Sutina Johnson (hereinafter "Johnson") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On August 5, 2019, after Petitioner paid the filing fee, the undersigned issued a show cause order. (ECF No. 5). Respondent filed a response to the show cause order, and Johnson has replied. (ECF Nos. 8, 10). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus and **DISMISS** this action, with prejudice, from the docket of the Court.

## I.    Relevant Procedural History

On November 2, 2004, Johnson was sentenced in the United States District Court

for the Northern District of Georgia (the "Sentencing Court") to a period of incarceration of thirty months, followed by five years of supervised release, for commission of bank fraud. (ECF No. 8-1 at 5-9). As part of the judgment, Johnson was ordered to pay restitution in the total amount of $227,522.64. (*Id.* at 9). The Sentencing Court made clear that if restitution was not fully paid during Johnson's incarceration, "it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release." (*Id.* at 7). At the time of Johnson's release from incarceration on February 23, 2007, she still owed a substantial portion of the ordered restitution.

On May 24, 2012, Johnson's supervised release was revoked due to additional criminal activity. (ECF No. 8-1 at 34-35). Johnson was sentenced to 24 months' incarceration and three years of supervised release thereafter. (*Id.*). She was ordered to continue paying the balance of the restitution amount, which at that time totaled $211,232.86. (*Id.*). Charges were pending against Johnson for the new criminal behavior, which involved her possession of counterfeit access devices and accompanying equipment.

Johnson completed her sentence related to the revocation of her supervised release in September 2013. (ECF No. 10 at 2). However, she remained in the custody of the Federal Bureau of Prisons ("BOP") pending resolution of the new criminal charges. (*Id.*). On December 12, 2014, Johnson was sentenced to 180 months' incarceration, followed by three years of supervised release. (ECF No. 8-1 at 37-40). No additional restitution was ordered as part of this judgment. (*Id.*).

On April 19, 2018, Johnson filed in the Sentencing Court a Motion to Adjust Petitioner's Restitution Pursuant to 18 USC 3742 and the Bureau of Prisons Policy

Statement. (*Id.* at 42-48). Raising, in part, a few claims similar to those asserted in this action, Johnson argued that her restitution responsibility should be stayed until her release from incarceration, or decreased to account for her reduced wages at FPC Alderson. (ECF No. 8-1 at 42-48). Johnson's motion was denied by the Sentencing Court on April 24, 2018. (*Id.* at 50). In June 2018, the BOP adjusted Johnson's payment under her Inmate Financial Responsibility Program ("IFRP") plan to $25 per quarter. (*Id.* at 52).

On July 15, 2019, Johnson filed the instant habeas petition. (ECF No. 1). She asserts that the BOP is improperly collecting restitution through the IFRP, because the judgment under which she is currently serving a sentence did not include restitution. (*Id.* at 2). According to Johnson, once she completed her revocation sentence related to her 2004 criminal conviction, the BOP should have stopped collecting the restitution ordered in the associated judgment. Johnson contends as follows: "Petitioner is to begin restitution on prior case after release from custody on current case, therefore, the restitution associated with other case is treated as if it does not exist." (*Id.* at 7).

Respondent filed an answer to Johnson's petition on August 20, 2019. (ECF No. 8). Respondent asserts that the petition should be dismissed, because the BOP has correctly applied the IFRP to Johnson's debt. According to Respondent, an inmate's obligation to pay restitution related to convictions ceases twenty years after the inmate's release from incarceration on the relevant conviction. Johnson was released from BOP custody in February 2007; therefore, she is obligated to pay on the restitution debt until February 2027. (*Id.* at 2, n.1). Respondent argues that the Sentencing Court clearly did not intend for Johnson's obligation to be stayed when she began serving the sentence on her second, unrelated criminal conviction given that the Sentencing Court rejected

3

Johnson's Motion to Adjust Restitution. (*Id*. at 3).

Johnson filed a reply to Respondent's answer, reiterating her prior argument that she should not have to pay on an old conviction when she is incarcerated on a conviction that has no restitution obligation. (ECF No. 10). Johnson relies on phrases taken from BOP Policy Statements 5800.15, 5880.28 and 5880.30 in support of her position.

## II.    <u>Discussion</u>

Federal statutes require "a diligent effort on the part of all law enforcement agencies to collect court-ordered financial obligations." *See* BOP Program Statement P5380.08 at 1. The IFRP is administered by the BOP as its way to fulfill this obligation. The IFRP is a voluntary program in which the BOP assists an inmate in developing a financial plan for meeting the inmate's legitimate financial obligations. 28 C.F.R § 545.10. The financial plan includes the following debts "ordinarily to be paid in the priority order as listed:"

(1) Special Assessments imposed under 18 U.S.C. 3013;

(2) Court-ordered restitution;

(3) Fines and court costs;

(4) State or local court obligations; and

(5) Other federal government obligations.

28 C.F.R. § 545.11. If an inmate refuses to participate in the IFRP, certain correctional facility advantages and privileges may be withheld or limited. *Id.* For example, a non-participating inmate will be quartered in the lowest housing status, will not be placed in a community-based program, will not receive a release gratuity from the Warden, will not receive furloughs, and will be subject to monthly commissary spending limitations that are more stringent than the limitations set for the remaining inmates. *Id.* BOP Program

Statement P5380.08, which sets out IFRP procedures, explicitly states that "[a] defendant's obligation to pay restitution ceases 20 years after the inmate's release from incarceration for inmates convicted on or after April 24, 1996." BOP Program Statement P5380.08 at 6. In addition, P5380.08 provides that:

> Absent direction from the court concerning when an obligation should be collected, payments may begin during an inmate's period of incarceration. However unit staff are to contact the U.S. Probation Office for clarification when it is unclear if the court-ordered obligation is to be paid while the inmate is in Bureau custody or as a condition of supervision.

*Id.* at 7.

In this case, Johnson was ordered by the Sentencing Court in November 2004 to pay restitution to four financial entities, totaling $227,522.64. (ECF No. 8-1 at 9). The Sentencing Court made clear that the payments were to be made while Johnson was an inmate, through the IFRP, and would continue after her release on supervision. The Sentencing Court did not place an expiration date on Johnson's restitution obligation, and did not limit restitution payments made from "wages [she] may earn in prison" to only those wages received during Johnson's incarceration on the crime of conviction. *Id.* To the contrary, the Sentencing Court ordered payments made from "any" wages earned in accordance with the BOP's IFRP. The Sentencing Court confirmed this intent when it denied Johnson's motion seeking to stay payments for the period of her incarceration on the subsequent conviction. (ECF No. 8-1 at 42-50).

Johnson has failed to demonstrate any basis in fact or law to support her motion for habeas relief. She has cherry-picked sentences from various BOP Program Statements, which she unsuccessfully weaves together in an effort to create an argument that simply does not exist. The facts and law are simple. Johnson's restitution obligation began in 2007 and will continue, unless fully paid, until 2027 pursuant to BOP policy and statute.

See 18 U.S.C. § 3613 ("The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution."). Thus, as restitution from Johnson's first conviction was an existing and legitimate financial obligation at the time of her subsequent conviction and incarceration, it was properly included in a corresponding IFRP plan. To find otherwise would lead to an unacceptable financial windfall to Johnson—in effect, she would be rewarded for committing additional crimes. When applying her interpretation of BOP policy, Johnson would have her significant restitution debt substantially reduced during the 180 months of her current incarceration, because only a small portion of the twenty-year payment period would remain when she was released from custody.

Johnson was given the opportunity to terminate her voluntary participation in the IFRP program and retains that right. (ECF No. 1-1 at 7). Consequently, the undersigned **FINDS** no merit to Johnson's petition.

## III.   <u>**Proposal and Recommendations**</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**:  June 9, 2020

Cheryl A. Eifert
United States Magistrate Judge