```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

EDNECDIA SUTINA JOHNSON,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:19-00518

WARDEN REHERMAN,
Alderson FPC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Findings and Recommendation on June 9, 2020, in which she recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241, dismiss this action with prejudice, and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Johnson timely filed objections to the PF&R. See ECF No. 14. With respect to those objections, the court has conducted a de novo review.

On November 2, 2004, after being convicted of bank fraud, Johnson was sentenced in the United States District Court for the Northern District of Georgia to pay restitution in the total amount of $227,522.64. She was also sentenced to a term of incarceration of thirty months. After completing her term of incarceration on the bank fraud sentence, Johnson was sentenced to an another federal term of incarceration (180 months) based upon other criminal activity. At the time she filed her petition, Johnson was in federal custody at FPC Alderson, a BOP facility in the Southern District of West Virginia for service of the 180-month sentence. In this petition, Johnson argues that the BOP cannot collect restitution that was imposed from her earlier case while she is serving another sentence.

As Magistrate Judge Eifert correctly noted:

> Johnson has failed to demonstrate any basis in fact or law to support her motion for habeas relief. She has cherry-picked sentences from various BOP Program Statements, which she unsuccessfully weaves together in an effort to create an argument that simply does not exist. The facts and law are simple. Johnson's restitution obligation began in 2007 and will continue, unless fully paid, until 2027 pursuant to BOP policy and statute. See 18 U.S.C. § 3613

2

>   ("The liability to pay restitution shall terminate
>   on the date that is the later of 20 years from the
>   entry of judgment or 20 years after the release
>   from imprisonment of the person ordered to pay
>   restitution."). Thus, as restitution from
>   Johnson's first conviction was an existing and
>   legitimate financial obligation at the time of her
>   subsequent conviction and incarceration, it was
>   properly included in a corresponding IFRP plan.
>   To find otherwise would lead to an unacceptable
>   financial windfall to Johnson—in effect, she would
>   be rewarded for committing additional crimes.
>   When applying her interpretation of BOP policy,
>   Johnson would have her significant restitution
>   debt substantially reduced during the 180 months
>   of her current incarceration, because only a small
>   portion of the twenty-year payment period would
>   remain when she was released from custody.

ECF No. 13 at 5-6. Magistrate Judge Eifert's reasoning is sound.

In her objections, Johnson does not direct the court to specific errors in the PF&R but, rather, merely restates the arguments previously made. She doesn't grapple with 18 U.S.C. § 3613 that confirms her restitution obligation continues while she is incarcerated. Nor does she explain why the Inmate Financial Responsibility Program ("IFRP") which expressly includes "court-ordered restitution" as a debt subject to repayment while incarcerated, see 28 C.F.R. § 545.11, would somehow exclude her earlier court-ordered restitution obligation. Her objections are without merit.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court **DENIES** plaintiff's petition

under 28 U.S.C. § 2241 for a writ of habeas corpus, **DISMISSES** this case with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 10th day of March, 2022.

ENTER:

David A. Faber
Senior United States District Judge